Filed 4/9/26  P. v. King CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

LARRY LOUIS KING,

    Defendant and Appellant.

E084167

(Super.Ct.No. FVA013554)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Larry Louis King appeals the trial court's denial of resentencing under Penal Code[1] section 1172.75. He argues the court erred in denying him a full resentencing under section 1172.75. We affirm.

## PROCEDURAL BACKGROUND

A jury found defendant guilty of the unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), and the court found true one prior strike (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and two prior prison term enhancements (§ 667.5, subd. (b)). On July 15, 2003, the court sentenced him to 25 years to life in state prison. As relevant here, the trial court imposed and stayed the terms on the prior prison term enhancements.

At some point, the California Department of Corrections and Rehabilitation (CDCR) identified defendant as an inmate who was serving a sentence that included a prison prior enhancement under section 667.5, subdivision (b), which might no longer be valid under section 1172.75.[2]

On or about February 28, 2024, defendant filed a petition for resentencing under section 1172.1, alleging he qualified for resentencing under multiple Penal Code sections in three different cases—FVA013554 (the instant case), FVA014698, and FWV021570.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] Pursuant to a request from this court to file a letter informing us whether they stipulate that defendant's name appears on the CDCR list of persons potentially eligible for relief under section 1172.75, both parties filed a letter stipulating to his name being on such list.

He also alleged that he was not given a hearing on his prison priors under Senate Bill No. 483, which was due by December 2023.

The court held a resentencing hearing on May 31, 2024, with regard to the three cases. It acknowledged there were two prison priors in the instant case that were found true and were stayed, and it ordered them to be stricken under section 1172.75. The court indicated for the record that it read a presentence investigation report and noted that defendant had a significant criminal history. Specifically, it noted that defendant had committed a kidnapping and robbery with the use of a firearm in Los Angeles County. Further, at the time he committed the robberies in case no. FWV021570, he was fleeing a murder he committed. The court noted that defendant knew the murder victim, strangled him, and stabbed him at least six times; it added that there was blunt force trauma to the victim's head that caused his death. The court concluded: "So I think, obviously, that [defendant] poses a significant threat to public safety, and the Court is unwilling to reopen any cases for resentencing excluding the mandatory requirement to strike the 667.5(b) priors."

## DISCUSSION

### The Court Properly Declined to Resentence Defendant Further

Defendant argues that he is entitled to a full resentencing under section 1172.75, even though his prison priors were imposed and stayed. He contends that we should remand the matter for a full resentencing hearing for the court to apply any new laws that could reduce his sentence. We conclude that the court essentially held a full resentencing hearing and properly declined to resentence defendant beyond striking his prison priors.

3

In any event, remand would be futile, since the court found defendant posed a threat to public safety.

A. *Relevant Law*

In 2021, the Legislature enacted Senate Bill No. 483, creating what is now section 1172.75. (Former § 1171.1, added by Stats. 2021, ch. 728, § 3, renumbered by Stats. 2022, ch. 58, § 12.) That statute renders legally invalid any prior prison term enhancement imposed before January 1, 2020, unless the enhancement was imposed for a prior sexually violent conviction. (§ 1172.75, subd. (a).) The statute also creates a resentencing procedure for defendants who are currently serving sentences that include a prior prison term enhancement. (*Id.*, subds. (a)-(c).) Once the trial court confirms that the underlying judgment includes an invalid prior prison term enhancement, it must "recall the sentence and resentence the defendant." (*Id.*, subd. (c).) Resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1).)

The resentencing court must apply "any other changes in law that reduce sentences or provide for judicial discretion" and "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so

4

that continued incarceration is no longer in the interest of justice." (§ 1172.75, subds. (d)(2) & (d)(3).)

The Supreme Court recently held that section 1172.75 "entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 (*Rhodius*).)

"[W]e review for an abuse of discretion a superior court's decision under section 1172.75, subdivision (d)(1), that reduction of a defendant's sentence would endanger public safety." (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856.)

B. *The Court Properly Declined to Reduce Defendant's Sentence Beyond Striking His Prison Priors*

The court here essentially acknowledged it was required to resentence defendant because of the invalidity of the prison prior sentence enhancements, but it declined to reduce his sentence beyond striking the prison priors, finding him to be a public safety risk. The court reviewed defendant's record and observed that he had a significant criminal history. It specifically noted that defendant committed a kidnapping and robbery with the use of a firearm, and that he had murdered someone he knew by strangling him and stabbing him at least six times; it added that there was blunt force trauma to the victim's head that caused his death. The court then concluded defendant clearly posed a significant threat to public safety and stated it was unwilling to "reopen any cases for resentencing excluding the mandatory requirement to strike the 667.5(b)

5

priors." In light of the court's reasoning, and the defendant's extraordinarily violent history including kidnapping for the purpose of robbery and a brutal murder involving strangulation, stabbing, and blunt force trauma, we cannot say it abused its discretion in declining to resentence defendant beyond striking his prison priors.

Even if we assume the court somehow erred, defendant has not shown he was prejudiced in any way. Notably, he does not dispute the court's finding that he posed a risk to public safety. We see no reasonable probability that defendant would have received a more favorable sentence had the court said or done more at the time of the resentencing. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

In light of the court's clear finding of his dangerousness, we conclude that remand would be futile.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.

6